**Randall W. Richards (No. 4503)**
Richards and Brown
938 University Park Blvd. #140
Clearfield, Utah 84015
Telephone: (801) 773-2080
*Randy@richardsbrownlaw.com*

*Attorney for Darin Thomas*

## IN THE UNITED STATES DISTRICT COURT
## STATE OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DARIN ACE THOMAS,<br><br>    Plaintiffs,<br><br>vs.<br><br>SHAUN SMITH, VERNAL POLICE DEPARTMENT, DUCHESNE COUNTY ATTORNEY, ASSISTANT COUNTY ATTORNEY GRANT CHARLES, DUCHESNE COUNTY CLERK AND, JOHN DOES I-V, and JANE DOES I-V,<br><br>    Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No. _____<br><br>Judge: _____ |

Plaintiffs by and through his attorney, and for their Complaint against Defendants – SHAUN SMITH, VERNAL POLICE DEPARTMENT, DUCHESNE COUNTY ATTORNEY, DUCHESNE COUNTY CLERK AND, JOHN DOES I-V, and JANE DOES I-V,

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiffs' causes of action arising under the Utah state law pursuant to 28 U.S.C. § 1367.

2. Venue lies in the United States District Court for the District of Utah because the events

and omissions giving rise to Plaintiffs' claims occurred in Duchesne County, Utah. 28 U.S.C. § 1391(b)(2).

3. Defendants are subject to personal jurisdiction within this district.

## PARTIES

4. Darin Thomas was and at all times pertinent has been a citizen of the United States and a resident of the State of Utah.

5. Defendant is Shaun Smith (Smith), in both his official and individual capacity, who was a detective of Vernal City Police Department at the time of the incident. Upon information and belief, Smith is a resident of Duchesne County, State of Utah.

6. Defendant is Duchesne County (County), a political subdivision of the State of Utah. As part of its corporate powers, and at all times relevant, the County directed and maintain the Duchesne County Attorney and had interaction with and control over the Vernal Police Department.

7. Defendant Vernal Police Department, (Police Department), a political subdivision of the state of Utah. That part of its corporate powers, and at all times relevant, the Police Department employed and oversaw the action Smith.

8. Defendant Duchesne County Attorney (County Attorney), a political subdivision of Duchesne County directed and maintain the County attorney and all deputies thereunder and oversaw the actions of all the deputies.

9. Defendant Assistant County attorney Grant Charles (County Attorney)

10. Defendant Duchesne County Clerk, a political subdivision of Duchesne County directed and maintain the County Attorney.

11. Defendants are persons under the meaning of 42 U.S.C. § 1983 and are located in this judicial district.

## GENERAL ALLEGATIONS

1. On information and belief, Darin Ace Thomas was improperly arrested for two counts of

suspected Criminal Conspiracy with an underlying offense of Rape of a Child, two counts of Criminal Conspiracy with an underlying offense of Unlawful Sexual Activity with a 16-17-year-old, one count of suspected sexual solicitation and two counts of suspected sexual exploitation of a minor on May 5, 2018.

2. During the time leading up to this arrest, Smith, desiring to manufacture evidence of child sexual abuse, through force and coercion enlisted the help of Thomas' part-time girlfriend.
3. Smith eventually took over the girlfriends text message account, and began an elaborate scheme of setting Mr. Thomas up for various sexual crimes.
4. On occasion Smith, utilizing the girlfriends text message account would suggest that Mr. Thomas have sexual interaction with underaged girls, to which Thomas refused and tried to change the topic. Smith would also offer to send nude pictures of minors, again to which Thomas refused and tried to change the topic.
5. Eventually Smith, using text message statements taken out of context, and completely manufacturing other supposed statements, filed an affidavit of probable cause claiming that Mr. Thomas had conspired to commit the offense of rape of a child, conspiracy to engage in unlawful sexual activity with a 13 to 14-year-old, sexual solicitation, and sexual exploitation of a minor.
6. Thomas was arrested specifically by officer Shaun Smith of the Vernal Police Department for these charges.
7. The Duchesne County attorney's office, relying upon the probable cause affidavit of Smith, and with deliberate indifference ignoring this past conduct of a similar nature filed first-degree felony charges against Mr. Thomas based upon these allegations.
8. The newspaper and other new services obtained information from an affidavit of probable cause which was incorrect and intentionally deceitful. Upon information and belief Shaun Smith drafted and submitted the affidavit of probable cause knowing that it was false and contained numerous incorrect statements.
9. As a result of the probable cause affidavit Mr. Thomas was arrested, and was held in custody without bail based on the probable cause statement for 11 days until the court changed the bail to $100,000. He was able to post the $100,000 bail.
10. Mr. Thomas was forced to retain an attorney, and the attorney requested a preliminary hearing on the charges. Shaun Smith was called to testify continued in his faults and deceitful claims against Mr. Thomas.
11. The majority of the more serious charges were dismissed by the District Court who heard the preliminary hearing testimony on or about December 19, 2018, while the final matter was continued and set for a jury trial.

12. The final matter was ultimately dismissed on April 24 2019.
13. Due to the nature of the allegations against Mr. Thomas, the newspaper published a very damaging reports and he lost his job at the school district with the loss of approximately $70,000 a year. Additionally his privately owned construction company D Thomas construction company took a significant financial hit due to the bad publicity of the false allegations.
14. The Vernal Police Department as well as the Duchesne County Attorney's Office was aware that Officer Shaun Smith had on numerous previous occasions disregarded the constitutional rights of other individuals and in deliberate indifference to their constitutional rights had manufactured sex abuse type charges with no evidence.
15. In keeping with his history of this regard to the constitutional rights of Mr. Thomas and in deliberate indifference to Mr. Thomas's constitutional rights, Smith manufactured evidence against Mr. Thomas swore under oath that this evidence was accurate.
16. Several of these cases made the press, and based upon this information the City of Vernal, the Vernal Police Department and the Duchesne County Attorney's Office were put on notice of Officer Smith's deceitful behavior while employed as a police officer.
17. Despite the prior notice of his deliberate indifference to citizen's constitutional rights, the Vernal Police Department continued to employ Officer Smith and allowed him to make unfounded charges of the vilest nature.

## FIRST CAUSE OF ACTION

### Deliberate Indifference to Mr. Thomas's 5th and 14th amendment rights to due process (Cognizable under 42 U.S.C. §1983)

1. Plaintiffs adopts by reference all preceding paragraphs.

2. Defendants had a duty police officers and officers of the court to ensure that a citizens due process rights are followed.

3. Defendants, Smith and Police Department, breached their sworn duties and were deliberately indifferent to Thomas' 5th and 14th Amendment Constitutional Rights to due process by manufacturing evidence of the vilest nature and swearing to the accuracy of that evidence under oath. These defendants knew or should have known that utilizing manufactured and perjured statements of child sexual abuse would result in the arrest, incarceration, and destruction of the reputation of Mr. Thomas, would cost him his job working for the school

district, and would result in significant financial loss and in all probability result in his incarceration for a mandatory 15 to life sentence in prison.

4. As a direct and proximate result of defendants' deliberate indifference, Thomas was charged with first-degree felony child sexual abuse charges as described above, was arrested, forced to hire an attorney at a cost of over $40,000, and lost his job and future employment possibilities due to the malicious and false accusations.

5. Accordingly, plaintiff seeks compensation in an amount to be determined at trial for the financial loss, the irreversible loss of his reputation, and the irreversible loss of his income. Further, due to the egregious nature of defendants indifference and reckless distraught for his constitutional rights and potentially the life of Thomas, plaintiff seeks punitive damages against said Defendants.

## SECOND CAUSE OF ACTION

**Conspiracy to Deprive Constitutional Rights in Violation of the 5th, 8th and 14th Amendments Constitutional Depravation of Constitutional Rights Pursuant to 42 U.S.C. §1983 (Cognizable under 42 U.S.C. §1983)**

6. Plaintiffs adopts by reference all preceding paragraphs.

7. As a direct and proximate result of Defendants' actions, inactions, and/or deliberate indifference, Mr. Thomas was deprived of his rights in violation of the 5th and 14th Amendment to the United States Constitution and 42 U.S.C. §1983, i.e., he was deprived of his liberty and property without due process of law.

8. Smith, working in conjunction with the police department and in deliberate indifference the constitutional rights of Thomas, conspired and reached an agreement amongst themselves to frame Plaintiff for the manufactured crimes as set forth above, and thereby deprive Plaintiff of his constitutional rights, all as described in the various Paragraphs of this Complaint.

9. Independently, before and after the holding of the preliminary hearing, each of the Defendants further conspired, and continued to conspire, to deprive Plaintiff of exculpatory

materials to which he was lawfully entitled and which would have led to his more timely exoneration of the false charges as described in the various Paragraphs of this Complaint.

10. In this manner, the Defendant Smith, acting in concert with other unknown co-conspirators, including persons who are not members of the Vernal Police Department, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

11. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

12. As a direct and proximate result of this conspiracy referenced above, Plaintiff's rights were violated, and he suffered financial damages, as well as severe emotional distress and anguish, as is more fully alleged above.

13. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Vernal Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for the defendants Duchesne County and Duchesne County Attorney with final policymaking authority.

### **THIRD CAUSE OF ACTION**

**Malicious Prosecution in Violation of Utah State Laws and the Utah Constitution 5th and 14th Amendments Constitutional Depravation of Constitutional Rights Pursuant to 42 U.S.C. §1983 (Cognizable under 42 U.S.C. §1983)**

14. Plaintiff adopts by reference all preceding paragraphs.

15. In the manner described above, during the constitutional violations described Smith, because plaintiff to be subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury and all such proceedings were terminated in plaintiff's favor in a manner indicative of innocence.

16. The defendant Smith and Police Department identified above accused plaintiff of criminal activity knowing those accusations to be without probable cause, and they made

statements to prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

17. Additionally statements were made by Smith regarding plaintiff's alleged crimes which were made that were knowingly false and perjured. In doing so the defendants fabricated evidence and withheld exculpatory information.

18. The misconduct described in this Count was undertaken with malice, willfulness, and reckless and delivered indifference to the plaintiff's rights.

19. As a result of this misconduct, plaintiff sustained and continues to sustain injuries including financial, injury to reputation, and pain-and-suffering from the action of defendants.

20. The acts and conduct of Smith, the Police Department, and the County Attorney as set forth were extreme and outrageous. The defendant officers intended to cause, or were in deliberate indifference and reckless disregard the probability that their conduct would cause severe financial, emotional distress, and other damages as set forth above.

21. Accordingly, plaintiff seeks compensation in an amount to be determined at trial for the financial loss, the irreversible loss of his reputation, and the irreversible loss of his income. Further, due to the egregious nature of defendants indifference and reckless distraught for his constitutional rights and potentially the life of Thomas, plaintiff seeks punitive damages against said Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests this court enter judgment against Defendants, and each of them and provide the following relief:

   a. Compensatory and special damages in whatever amount, exclusive of costs and interest, that Plaintiffs is found to be entitled;

   b. Punitive/exemplary damages against Defendants in whatever amount, exclusive of costs and interest, that Plaintiffs is found to be entitled;

   c. For interest and costs as allowed by law;

      d.  For attorney fees, pursuant to 42 U.S.C. § 1988; and

      e.  Such other and further relief as the court deems appropriate.

**DATED** this 5th day of April 2021.

                                                    /s/ *Randall W. Richards*
                                                  Randall W. Richards
                                                  *Attorney for Defendant*