IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARIN ACE THOMAS,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>SHAUN SMITH; VERNAL POLICE DEPARTMENT; DUCHESNE COUNTY ATTORNEY; ASSISTANT COUNTY ATTORNEY GRANT CHARLES; et al.,<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS FOR JUDGMENT ON THE PLEADINGS<br><br>Case No. 2:21-cv-210 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

The matter comes before the court on Defendant Duchesne County Attorney's Office's and Defendant Deputy Duchesne County Attorney Grant Charles' motions for judgment on the pleadings. (ECF No. 28, ECF No. 29.)[1] The court heard oral argument on Defendants' motions on July 20, 2022. Plaintiff was represented by Randall Richards, Defendants DCA and Mr. Charles were represented by Noah Hoagland. Luisa Gough appeared on behalf Defendants Shaun Smith and Vernal City, but did not offer any argument as those Defendants are not part of the current motions. Having considered the parties' memoranda, relevant case law and the arguments of the parties, the court grants both motions as set forth below.

## BACKGROUND[2]

In 2018 Defendant Shaun Smith, who was a detective of the Vernal City Police Department at the time of the incident, began using Plaintiff's girlfriend's cell phone to exchange

---

[1] The parties consented to the jurisdiction of the undersigned in accordance with 28 U.S.C. § 636(c). (ECF No. 22.)

[2] The court sets forth the facts in the light most favorable to the Plaintiff. See *Ramirez v. Department of Corrections*, 222 F.3d 1238, 1240 (10th Cir.2000).

text messages with Plaintiff. These messages "would suggest that [Plaintiff] have sexual interaction with under aged girls." Amnd. Compl. p. 3, ECF No. 8. Eventually after exchanging enough messages, Detective Smith filed "an affidavit of probable cause claiming that Mr. Thomas had conspired to commit the offense of rape of a child, conspiracy to engage in unlawful sexual activity with a 13 to 14-year-old, sexual solicitation, and sexual exploitation of a minor." *Id.*

Plaintiff was then arrested and held in custody until the state court permitted Mr. Thomas to post bail. Following a preliminary hearing, the sex-related offenses involving a minor were dismissed. Mr. Thomas, however, was bound over for trial on the charge of patronizing a prostitute. That case was set for trial, but subsequently dismissed with prejudice in April 2019. Plaintiff lost his job at the local school district following publication of the proceedings and the alleged charges in the newspaper. In addition, Plaintiff's privately owned construction company, also suffered losses from the publicity.

Plaintiff brings this case alleging he was improperly arrested and prosecuted. He raises three causes of action as set forth in his Amended Complaint 1) Deliberate Indifference in violation of Plaintiff's 5th and 14th amendment rights to due process; 2) Conspiracy to violate his 5th, 8th and 14th amendment rights; and 3) Malicious prosecution, which is "an amalgam or mixture of both tort and constitutional claims." Mtn p. 5, ECF No. 28. Defendant Duchesne County Attorney's Office (DCA) and Defendant Deputy Duchesne County Attorney Grant Charles both move for judgment on the pleadings. (ECF No. 28, ECF No. 29.)

**STANDARD OF REVIEW**

A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Aspenwood Inv. Co. v. Marinez*, 355 F.3d 1256, 1259 (10th Cir. 2004). The court accepts "all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Park Univ. Enterprises, Inc. v. Am. Cas. Co. Of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006). Judgment on the pleadings should not be granted "'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Id.* (quoting *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir.2000)). Documents attached to the pleadings are exhibits and may be considered in deciding a Rule 12(c) motion, along with matters in the public record. *See id.*; Fed. R. Civ. P. 10.

**DISCUSSION**

**I.   Defendant Duchesne County Attorney's Office**

DCA moves for judgment on the pleadings arguing under both federal and state law it is not a "person" subject to suit. It is a subordinate agency of Duchesne County, making it an entity incapable of suing or being sued in its own name.

In response Plaintiff asserts DCA does not enjoy absolute immunity from claims involving alleged civil rights violations. In support Plaintiff cites to *Sanchez v. Hartley*, 810 F.3d 750 (10th Cir. 2016). In *Sanchez* a disabled arrestee brought a §1983 action against the county sheriff's office, board of county commissioners, detectives, the investigator, and the district attorney's office, alleging that he was maliciously prosecuted, in violation of his Fourth Amendment rights. The court finds this case unpersuasive because the office of the district attorney was already dismissed prior to the appeal before the 10th Circuit. *See Sanchez v.*

3

*Hartley*, 65 F.Supp.3d 1111, 1129 (D. Colorado 2014) ("Plaintiff's claim against the Office of the District Attorney for the Eighteenth Judicial District is DISMISSED WITHOUT PREJUDICE based on Eleventh Amendment Immunity").

Under Fed. R. Civ. P. 17 the capacity to sue or be sued for "all other parties" is determined "by the law of the state where the court is located". Fed. R. Civ. P. 17. "In Utah, a statute expressly provides that a county may sue or be sued, see U.C.A. § 17–50–302(2)(a), but there is no statutory or case authority supporting a direct action against a county's subdivisions …." *White v. Utah*, 5 Fed. App'x 852, 853 (10th Cir. 2001). Defendant DCA also points the court to a case out of Michigan, where the court found the county sheriff's department and the county prosecutor's office were not legal entities capable of being sued. *See Hughson v. County of Antrim*, 707 F.Supp. 304, 306 (W.D.Mich. 1988) (finding the county sheriff's department and the county prosecutor's office incapable of being sued because they are not legal entities). Plaintiff argues that case is analogous to the current matter.

The court agrees with the authority cited by DCA and the Utah Code. DCA cannot sue or be sued as a county subdivision. *See White*, 5 Fed. App'x 852, 853 (holding that the Salt Lake County Jail could not be sued as a county subdivision). Accordingly, the court will grant DCA's motion.

II.     **Defendant Grant Charles**

Defendant Charles makes multiple arguments for judgment on the pleadings. These include: 1) Eleventh Amendment immunity because he prosecuted Plaintiff on behalf of Utah; 2) Prosecutorial immunity because he is being sued for actions taken in his capacity as a prosecutor for the state of Utah; 3) Qualified immunity because Charles' actions in the prosecution of Plaintiff were "objectively reasonable" and he enjoys absolute immunity from suit for malicious

prosecution; and 4) Plaintiff's claims for malicious prosecution fail under the Governmental Immunity Act of Utah.

In his joint response to both motions, Plaintiff raises the same arguments against Charles' dismissal as those asserted against DCA's dismissal. Both Defendants had substantial notice that the investigation done by the detective was defective and based on perjury. Specifically, qualified immunity is inapplicable to Defendant Charles because that doctrine only protects officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). And here, based on the reasonable inferences the court must draw, Plaintiff asserts Defendant Charles acted unreasonably.

Federal courts have traditionally used a two-step test to determine whether a defendant is entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), overruled in part by *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). First, the court must consider whether "the facts alleged show the officer's conduct violated a constitutional right." *Id.* Second, if a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Id.* Plaintiff argues he meets both prongs here. Plaintiff's constitutional rights under the Fourteenth Amendment were violated by deprivation of life, liberty or property without due process of law. And, Defendant Charles was repeatedly warned in numerous cases of the flawed sexual offense prosecutions investigated by Detective Shawn Smith.

The court need not reach the question of qualified immunity for Defendant Charles if he was acting on behalf of the state of Utah. Because if he was, then Plaintiff is effectively bringing

claims against the state of Utah and such claims are barred by the Eleventh Amendment. *See Arnold v. McClain*, 926 F.2d 963, 966 (10th Cir. 1991) (holding the district attorney is an arm of the state and entitled to Eleventh Amendment immunity); *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir.1989) (holding that when a district attorney is a state officer, he is entitled to Eleventh Amendment immunity). Here, the court finds Defendant Charles was acting on behalf of the state when prosecuting Plaintiff. Thus, the suit against him is barred by the Eleventh Amendment.

Moreover, Defendant Charles' actions were those of a prosecutor. Under Utah law, the tort of malicious prosecution requires a lack of probable cause in bringing a criminal prosecution. *See Gilbert v. Ince*, 981 P.2d 841 (Utah 1999) (recognizing state causes of action for malicious prosecution and abuse of process). Even in drawing reasonable inferences in Plaintiff's favor, the court is not persuaded that there was a lack of probable cause relied on by Defendant Charles in pursuing the charges.

Finally, Plaintiff does not address the Governmental Immunity Act of Utah which states in relevant part:

> A governmental entity, its officers, and its employees are immune from suit, and immunity is not waived, for any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment, if the injury arises out of or in connection with, or results from: … malicious prosecution, ….

U.C.A. § 63G-7-201(4)(b). The court finds this is another basis for granting Defendant Charles' motion. In short, the court finds ample reasons for granting Charles' Motion for Judgment on the Pleadings.

## ORDER

For the reasons set forth above the court GRANTS Defendant DCA's Motion for Judgment on the Pleadings and GRANTS Defendant Charles' Motion for Judgment on the Pleadings. These Defendants are dismissed from the case.

IT IS SO ORDERED.

DATED this 29 July 2022.

_____
Dustin B. Pead
United States Magistrate Judge