THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DARRIN ACE THOMAS,<br><br>　　　　　　Plaintiff,<br>v.<br><br>SHAUN SMITH, et al.,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-210 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

　　Defendants move the court for attorneys' fees and paralegal fees in the amount of $84,775.00 arising from their work on this case.[1] Last year the court entered judgment in favor of Defendants. Defendants request the judgment entered in the case be amended to reflect the award of fees and costs. The court denies the motion without prejudice.

　　Plaintiff brought this case alleging violations under 42 U.S.C. § 1983 of his rights during a claimed malicious prosecution. The claims were rejected, and judgment was entered in favor of Defendants. In an action proceeding to enforce §1983, a district court may, in its discretion, allow the prevailing party a "a reasonable attorney's fee as part of the costs."[2] Normally a plaintiff "should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."[3] A frivolous suit is one "based on an indisputably meritless legal theory, ...

---

[1] ECF No. 84.

[2] 42 U.S.C. § 1988.

[3] *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 422, 98 S. Ct. 694, 701, 54 L. Ed. 2d 648 (1978). *See also Anthony v. Baker*, 767 F.2d 657, 667 (10th Cir. 1985) (holding that a district court has the discretion in a § 1983 action to award a defendant attorneys' fees if the plaintiff's action is determined to be frivolous, unreasonable, or without foundation).

[or] whose factual contentions are clearly baseless."[4] A court, however, need not find the lawsuit was "'brought in subjective bad faith' to award fees to a prevailing defendant."[5] "A defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception."[6]

"Rarely will a case be sufficiently frivolous to justify imposing attorneys' fees on the plaintiff."[7] In considering whether a claim is frivolous, unreasonable, or groundless, the court is to avoid any "post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."[8] Thus, dismissal of claims on a motion to dismiss or at summary judgment does not automatically warrant such a fee award.

The parties do not dispute the amount of fees sought by Defendants. Rather, Defendants argue the matter was frivolous, unreasonable, or groundless and a fee award should be entered, while Plaintiff argues against that course of action. The findings and holdings in the case are presently on appeal before the Tenth Circuit. Such an appeal does not divest the court of jurisdiction to decide the attorneys' fee issue, and some circuits urge consideration of these issues expeditiously, so any appeal from such an order regarding attorneys' fees may be consolidated with the main appeal.[9] The court finds no such urging in this circuit and the parties

---

[4] *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

[5] *Thorpe v. Ancell*, 367 F. App'x. 914, 919 (10th Cir. 2010) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)).

[6] *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir.2007); *see also Munson v. Milwaukee Bd. of Sch. Dirs.*, 969 F.2d 266, 271 (7th Cir.1992) ("It is possible for an initially nonfrivolous action to become frivolous when, for example, the factual basis supporting the complaint is shown to be groundless during discovery.").

[7] *Thorpe*, 367 F. App'x 914, 920.

[8] *Christiansburg*, 434 U.S. at 421-22, 98 S.Ct. 694.

[9] *See Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983); *Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980).

do not cite any controlling case law. Given the facts of this case, the court finds it appropriate to await final disposition by the Tenth Circuit before rendering a decision on the instant motion. Defendants may renew the motion once a decision by the Tenth Circuit has been entered.

Accordingly, Defendants motion is DENIED WITHOUT PREJUDICE.

DATED this 23 February 2024.

_____
Dustin B. Pead
United States Magistrate Judge

3