THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DARRIN ACE THOMAS,<br><br>　　　　　　Plaintiff,<br>v.<br><br>SHAUN SMITH, et al.,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-210 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Now before the court is Defendants' renewed Motion for Attorney and Paralegal Fees.[1] As set forth herein the court denies the motion.

## BACKGROUND

Plaintiff brought this case asserting violations of 42 U.S.C. § 1983 stemming from an alleged malicious prosecution. Mr. Thomas' claims were rejected, and judgment was entered in favor of Defendants in August 2023.[2] Shortly thereafter, Defendants filed a Motion for Attorney Fees. That motion was denied without prejudice because the case was on appeal before the United States Court of Appeals for the Tenth Circuit.[3] In its order the court noted Defendants may renew their motion after final disposition by the Tenth Circuit. The parties eventually filed a stipulation to dismiss the appeal with prejudice[4] and Defendants renewed their motion.[5]

---

[1] ECF No. 101.

[2] ECF No. 75, ECF No. 76.

[3] ECF No. 98.

[4] ECF No. 99.

[5] ECF No. 101.

Additionally, Defendants served Plaintiff with a Rule 68 Offer of Judgment for $10,001.00 on May 24, 2201. In the offer, Defendants notified Plaintiff that if the judgment finally obtained by Plaintiff "is not more favorable than this Offer of Judgment, then [Mr.] Thomas must pay the costs, including attorney's fees, incurred by Duchesne County after the making of this Offer."[6]

DISCUSSION

Defendants seek an award of attorney fees in the amount of $84,775.00. In support Defendants offer two primary arguments. First, based on their Rule 68 Offer of Judgment, Defendants are entitled to fees because Plaintiff did not obtain a judgment exceeding their offer. Second, Defendants cite to 42 U.S.C. § 1988 as a basis for their fees.

Rule 68 allows a defending party to "serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."[7] "Under this rule, if a defendant makes a formal offer of settlement, and the plaintiff rejects it but later obtains a judgment less favorable than the one offered him or her, the plaintiff-offeree 'must pay the costs incurred after the offer was made.'"[8] The Tenth Circuit explained that "Rule 68 applies only where the district court enters judgment in favor of a plaintiff for an amount less than the defendant's settlement offer."[9] Because the court entered judgment in favor of Defendants and not Plaintiff, a Rule 68 Offer of Judgment does not provide a basis for awarding attorney fees.

Turning to Defendants' second basis for seeking attorney fees, Section 1988 provides that in any action to enforce §1983, the court may, in its discretion, "allow the prevailing party … a

---

[6] Rule 68 Offer of Judgment p.2, ECF No. 84-1.

[7] Fed. R. Civ. P. 68(a).

[8] *Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1182 (10th Cir. 2011), aff'd, 568 U.S. 371 (2013), (quoting Fed. R. Civ. P. 68(d)).

[9] *Id.*

reasonable attorney's fee as part of the costs."[10] Normally a plaintiff "should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."[11] A court need not find the lawsuit was "'brought in subjective bad faith' to award fees to a prevailing defendant."[12] "A defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception."[13]

The key question before the court is whether Plaintiff's claims were frivolous, unreasonable, or groundless, or whether Plaintiff continued to litigate the claims after they clearly became so. Plaintiff's Amended Complaint sets forth three causes of action. First, under 42 U.S.C. § 1983, Plaintiff claimed deliberate indifference to his rights to due process which included the alleged use of "manufactured and perjured statements" to support charges brought against Plaintiff. Second, Plaintiff claimed under § 1983 that Defendants engaged in a conspiracy to deprive him of his constitutional rights. Plaintiff's third cause of action was for malicious prosecution in violation of § 1983, the Utah Constitution, and under the common-law.

A frivolous suit is one "based on an indisputably meritless legal theory, ... [or] whose factual contentions are clearly baseless."[14] Defendants argue Plaintiff's claims in this case

---

[10] 42 U.S.C. § 1988(b).

[11] *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 422, 98 S. Ct. 694, 701, 54 L. Ed. 2d 648 (1978). *See also Anthony v. Baker*, 767 F.2d 657, 667 (10th Cir. 1985) (holding that a district court has the discretion in a § 1983 action to award a defendant attorneys' fees if the plaintiff's action is determined to be frivolous, unreasonable, or without foundation); *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984) (affirming district court award of fees in a section 1983 action because it was unreasonable and frivolous).

[12] *Thorpe v. Ancell*, 367 F. App'x. 914, 919 (10th Cir. 2010) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)).

[13] *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir.2007); *see also Munson v. Milwaukee Bd. of Sch. Dirs.*, 969 F.2d 266, 271 (7th Cir.1992) ("It is possible for an initially nonfrivolous action to become frivolous when, for example, the factual basis supporting the complaint is shown to be groundless during discovery.").

[14] *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

"obviously meet the definition of a frivolous, baseless and/or unfounded lawsuit." In support Defendants cite to *Thorpe v. Ancell*,[15] arguing this case is not only highly analogous, but far worse, and therefore more deserving of an award of fees. In *Thorpe* the plaintiffs owned a bond company and were investigated for allegedly having knowingly accepted proceeds from a bank robbery in allowing a suspect to post bail. The investigation resulted in the Thorpes being criminally charged. Plaintiffs then sued the officers and agencies involved in the investigation. The Thorpes were "relentless in their 'spurious assertions' which were supported only by 'misrepresentations and exaggerations' of the record."[16] These assertions included *inter alia* falsifying evidence, continuing to assert that one of their employees who became part of the investigation was a "known prostitute" that made false allegations in the past, and that the investigation was connected to the suicide of plaintiff's son. Despite evidence to the contrary, the plaintiffs never withdrew "any of the[ir] sensational accusations even though there was no factual basis to support them."[17] In awarding the defendants fees in the underlying action, which were upheld on appeal, the district court "noted that the plaintiffs had included in their complaint singular, sensational allegations about which nothing appeared in the summary judgment record [and] that resistance to the defendants' summary judgment motions had proven frivolous."[18]

      This case, while containing some questionable claims, does not rise to the level of sensational accusations. A review of the record in this case indicates there was more questionable behavior by those involved in the underlying prosecution, including Plaintiff's "part-time girlfriend." Thus, the circumstances here are not more egregious than those in *Thorpe*.

---

[15] 367 Fed. Appx. 914 (10th Cir. 2010) (unpublished).

[16] *Id.* at 918.

[17] *Id.*

[18] *Thorpe v. Ancell*, 2006 WL 2406240, at *1 (D. Colo. Aug. 18, 2006), aff'd, 367 F. App'x 914, 2009 WL 5907948 (10th Cir. 2010).

Further, as noted by Plaintiff, there is case law finding an officer who used an affidavit that failed to establish probable cause was not entitled to absolute immunity.[19] Candidly some assertions, such as alleging Duchesne County controlled the state prosecution of Plaintiff are about as close to frivolous as a litigant may come. Yet, based on the totality of the matter, the court declines to award Defendants fees under 42 U.S.C. § 1988 finding Plaintiff's claims here are not frivolous. The awarding of such fees under §1988 is discretionary and normally they should not be assessed. In exercising that discretion while considering the facts before it, the court denies Defendants' motion.

## ORDER

For the reasons set forth above, Defendants' Motion for Attorney and Paralegal Fees is DENIED.[20]

IT IS SO ORDERED.

DATED this 9 December 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[19] *See Malley v. Briggs*, 475 U.S. 335, 106 S. Ct. 1092 (1986).

[20] ECF No. 101.